UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GAY-STRAIGHT ALLIANCE OF YULEE
HIGH SCHOOL, an unincorporated
association; HANNAH PAGE, through her
parent and next friend SUMMER PAGE; and
JACOB BROCK, through his parent and next
friend SHERYL L. WILLIAMS,

        Plaintiffs,

vs.                                   CASE NO.: 3:09-cv-112-J-25TEM

SCHOOL BOARD OF NASSAU COUNTY,

        Defendant.
_____/

## AFFIDAVIT OF JOHN L. RUIS, ED.D.

STATE OF FLORIDA
COUNTY OF NASSAU

BEFORE ME, the undersigned authority, personally appeared John Ruis, who being first duly sworn, deposes and says as follows:

1. I am over the age of 18, am competent to testify, and have personal knowledge of the facts set forth herein.

2. From 1993 to the present, I have been employed by the Nassau County School Board in the position of Superintendent of Schools. I have been an educator for over 33 years and have a doctorate in education which I earned in 1995.

3. On November 18, 2008, the School Board of Nassau County approved amendments to its administrative rule 5.86 relating to "School Clubs, Organizations, and Social Functions."

4. Under this rule, "[a]ny club or organization in the school must secure the approval of the school principal and comply with guidelines prescribed by the Superintendent." The amended rule permits the School Board an opportunity to assess all school clubs and organizations and to prescribe guidelines for the schools to implement the rule.

5. As of November 26, 2008, a moratorium was placed on all clubs and organizations until each had been properly reviewed and considered as per Rule 5.86.

6. After dissemination of the implementation guidelines per Rule 5.86, the petition for recognition of the Yulee High School Gay-Straight Alliance was reviewed, as were the petitions for each proposed school club or organization.

7. After review of the GSA's petition, the School Board indicated to Plaintiffs that the club would be granted full access to the campus and its facilities on the condition that the name of the club was changed to reflect the purported purpose of the club, i.e., preventing bullying and discrimination, providing a safe environment, and encouraging tolerance, acceptance and equality in the school community.

8. It was communicated to Plaintiffs and their attorney that a club name highlighting specific sexual orientations (whether homosexuality or heterosexuality or other) would violate school board policy and an alternative name would, therefore, be necessary.

9. Plaintiff's counsel has refused other names outright such as Tolerance Club, without discussion. For example, Plaintiffs would be allowed to use an alternative name such as "Circle of Equality," a name used by Plaintiff Page herself on the Yulee

2

Middle School campus as it accurately reflects the purpose of the club indicated in the club's constitution.

10. Plaintiffs refused this offer and indicated that the name of the club must communicate the "gay specific" purpose of the organization and that the school board could not "de-gay" a student club.

11. The School Board indicated that should Plaintiffs wish to reconsider the School Board's offer, it would review the required paperwork once submitted, as is done with every club and organization on campus.

12. The School Board has never granted access to or approved any club or organization whose name or purpose highlights any sexual orientation one way or another. To do so would not be in the best interests of the students of Nassau County and may be disruptive to the school campuses. Moreover, to approve such a club or club name would not be in compliance with Florida Statutes, including Section 1003.46 which requires the schools to "teach abstinence from sexual activity outside of marriage as the expected standard for all school-age students while teaching the benefits of monogamous heterosexual marriage" and that "abstinence from sexual activity is a certain way to avoid out-of-wedlock pregnancy, sexually transmitted diseases, including acquired immune deficiency syndrome, and other associated health problems."

13. In addition, school board officials also took into consideration an incident that occurred during observation of a Day of Silence during the 2007-2008 school year on the Yulee Middle School campus which resulted in disruption involving Plaintiff Page. The Day of Silence is to protest the harassment of gays, lesbians, bisexuals and

transgenders by taking a vow of silence for the day. Plaintiff Page sought permission from her principal for her and others to wear duct tape over their mouths in observation of the Day of Silence. They were granted permission to do so as long as it did not cause a disruption. On the Day of Silence, some students wore duct tape and other students wore t-shirts with an anti-gay slogan. Concerned over the rising tension between the students, the principal instructed all the students to remove the duct tape and the t-shirts. While in the cafeteria for the Career Fair, Plaintiff Page became very upset when her girlfriend was once again asked to remove the duct tape from her mouth. Plaintiff Page began yelling and cursing and being disruptive to the Career Fair and to the other students. She was escorted to the guidance counselor's office where she continued to curse in a loud and disruptive manner. The principal stepped in and took her aside in an attempt to diffuse the situation. Plaintiff Page's unacceptable behavior continued. In fact, Plaintiff's disruptive behavior escalated and a chain of events ensued which ultimately resulted in Plaintiff being suspended and completing the remainder of her eighth grade year at a different school. Thus, there is a tangible concern that allowing a club which highlights sexual orientation could result in further disturbance, including endangering the safety and well-being of the students, including Plaintiffs, in this case.

14. Pursuant to Administrative Rule 5.86, "[n]o student club, organization or activity shall limit the authority of the school, or its agents or employees, to maintain order and discipline on school premises, to protect the well-being of students and faculty, and to assure that attendance of students at meetings shall be voluntary." The action

4

taken by the School Board in relation to the GSA and its application to be a club on the YHS campus was taken in compliance with this directive.

15. The School Board remains willing to review the application of the club when the required paperwork is submitted, provide it with a faculty advisor, and grant it equal access to the campus as indicated above.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JOHN L. RUIS, ED.D

STATE OF FLORIDA
COUNTY OF NASSAU

The foregoing instrument was sworn to and acknowledged before me this 3rd day of March, 2009, by John Ruis.

_____
Signature of Notary PUBLIC-STATE OF FLORIDA
Robin Jones
Commission # DD682894
Expires: JULY 27, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

PRINT, TYPE OR STAMP NAME OF NOTARY

Personally known ✓
OR Produced Identification _____
Type of Identification Produced _____

1436924

5