UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GAY-STRAIGHT ALLIANCE OF YULEE
HIGH SCHOOL, et al,

    Plaintiffs,

vs.                               CASE NO.: 3:09-cv-112-J-25TEM

SCHOOL BOARD OF NASSAU COUNTY,

    Defendant.
_____/

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW

During rebuttal argument at the hearing on Plaintiffs' Motion for Preliminary Injunction, Plaintiffs' counsel launched into a diatribe against the Fellowship of Christian Athletes ("FCA") suggesting, without any basis in the record, that it was an anti-gay organization and suggesting, again with absolutely no basis in the record, that the SBNC either condoned this position or created a limited open forum for discussion of anti-gay sentiments. Nothing could be further from the truth.[1] As part of this argument, Plaintiffs' counsel relied on an unauthenticated FCA playbook which had not been filed prior to the hearing, contrary to the Local Rules. In fact, Plaintiffs' counsel never provided a copy to defense counsel until Friday, almost 24 hours into the SBNC's time to respond. Certainly, if counsel intended to rely on the handbook, as evidenced by his argument, he should have filed it prior to the hearing and he did not. Plaintiffs have violated Local Rule 4.06 and this Court should not consider the FCA playbook.[2] Moreover, Plaintiffs should have authenticated the

---

[1] Rather, if anything, Plaintiffs' arguments suggest bitterness and antipathy by Plaintiffs toward the FCA and all it represents and not viewpoint neutrality as the First Amendment requires.
[2] SBNC has filed a Mot. to Strike the Exhibit filed in Support of Plaintiffs' Motion for Preliminary Injunction.

document and provided some evidentiary basis for establishing its relevance. After all, this Court is confined to consideration only of matters properly of record before the Court in determination of Plaintiffs' Motion for Preliminary Injunction. Local Rule 4.06; Fed .R. Evid. 401; Wright & Miller, Fed. Prac. & Proc. §2949. *See also, Marshall Durbin Farms, Inc. v. Nat. Farmers Org., Inc.,* 446 F.2d 353, (5th Cir. 1971).

In addition to being untimely submitted, there is no evidence that the FCA handbook is used by the FCA at Yulee High School or any FCA meeting on any school in the entire Nassau County School District. It was not represented to be by Plaintiffs' counsel, and is not, a document created by or for the SBNC or Yulee High School. Moreover, there is no evidence that the handbook was ever used or referenced by the FCA at Yulee High School or any FCA in the district and certainly no evidence that the "sexual purity statement" is a requirement of any leader of FCA in Nassau County. It appears that the "sexual purity statement" may be a requirement for adult leaders involved in FCA. However, all clubs in Nassau County such as the FCA or Plaintiffs' organization must be student led and student initiated. *See* SBNC Administrative Rule 5.86 and 20 U.S.C. § 4071(c)(5). Plaintiffs cannot even show whether or not the statement has ever been seen or discussed at Yulee High School. To rely on an unauthenticated handbook having no direct nexus to SBNC to show viewpoint discrimination by the SBNC is neither appropriately before this Court or supportable by fact or law.

More importantly, Plaintiffs' reliance on the Handbook is misplaced. Plaintiffs' counsel argued at the hearing that the School Board has engaged in viewpoint discrimination as it allowed the FCA to meet on campus, but denied access to the Plaintiffs argue that FCA

is an organization that "advocates against gay rights" without any basis in the record whatsoever. There is not one iota of evidence in the record to support this bald statement, even if the Court where to consider the untimely playbook Plaintiffs downloaded from the internet. The website is not affiliated with or connected to the SBNC in anyway. For purposes of their motion for preliminary injunction, Plaintiffs are limited to the record only. Plaintiffs further make arguments concerning an unidentified article, not even contained in the playbook, but allegedly posted on some unidentified website that discusses what to do when faced with homosexuality in the locker room.[3] The existence of this random article and its connection with the SBNC is based solely on rumors and accusations of counsel. Plaintiffs then take these rumors and documents not in the record to argue somehow this is evidence that the SBNC has permitted access to a club that discusses sexual orientation. This could not be further from the truth and misses the entire premise of Defendant's opposition to Plaintiffs' Motion for Preliminary Injunction.

There is simply no reference, and Plaintiffs do not assert, that the name "Fellowship of Christian Athletes" highlights a sexual orientation. Just as the SBNC is not opposed to the mission of the FCA, a Christian-based club, it is not opposed to the purported mission of the GSA, tolerance and equality. The principal issue for purposes of Plaintiffs' motion for preliminary injunction is the <u>name</u> of the club. The FCA club name highlights a "fellowship" (community of friends) with a "Christian" basis (believing in Jesus) and a membership of "athletes" (participants in sports). By contrast, the name "Gay-Straight Alliance" directly

---

[3] Of course, sexual conduct of any kind, heterosexual, homosexual or otherwise, is prohibited in the locker rooms of the SBNC. Thus, it is not clear what potential relevance such statements might have to the Plaintiffs' arguments as to SBNC's alleged viewpoint discrimination.

highlights a sexual orientation by virtue of its name alone. There is no viewpoint discrimination here because the SBNC has not opposed the mission of either club. The difference is in the name and the name "Gay-Straight Alliance" is in violation of School Board policy and Florida law.[4]

There is simply no viewpoint discrimination by the SBNC against Plaintiffs in this case and Plaintiffs cannot show a substantial likelihood of success on the merits of their First Amendment claim as <u>required</u> for a preliminary injunction. The SBNC has not permitted a "limited open forum" for clubs that highlight sexual orientation. Neither club is to have as its stated purpose the specific promotion of one sexual orientation over another. The SBNC has permitted a limited open forum for noncurricular clubs which incidentally may have differing viewpoints from each other which is the opposite of viewpoint discrimination. The philosophy of the FCA regarding homosexuality may not be shared by all, just as the philosophy of Plaintiffs regarding homosexuality may not be shared by all. But, that is not and has never been, the basis of the objection to the club by the SBNC. The SBNC objects to the GSA name because it highlights a sexual orientation in violation of board policy and Florida law. There are no other clubs on campus with names that highlight sexual orientation. To wit, there is no viewpoint discrimination, or First Amendment violation, by the SBNC. Further, there is no irreparable harm to Plaintiffs because there is no viewpoint discrimination and thus no compelling First Amendment rights being abridged. Plaintiffs' Motion for Preliminary Injunction fails on these bases.

---

[4] SBNC is required to follow Florida law. Florida Statutes require the school to teach the "benefits of monogamous heterosexual marriage." Florida Statutes, Section 1003.46 (2)(a). A club with the name "Gay-Straight Alliance" is contrary to Florida law.

Preliminary injunction is a drastic and extraordinary remedy that should be granted sparingly. *Siegel v. Lepore,* 234 F.3d 1163 (11th Cir. 2000). Just as Plaintiffs cannot show a substantial likelihood of success on the merits of a First Amendment claim, likewise they cannot show a likelihood of success on their claim under the Equal Access Act because of an absence of viewpoint discrimination. Rather, the Defendant is entitled to rely on the safe harbor exceptions to the Equal Access Act if it can show evidence of a material disruption by a member of the club. *Tinker v. Des Moines Indep. Comt., Sch. Dist.,* 393 U.S. 503 (1969). Defendant has done so in this case. Plaintiff Page disrupted the students in the cafeteria present for Career Day (not lunch as Plaintiffs' counsel stated) to the extent she was removed from the premises. The loud, cursing behavior escalated to the point that it involved physical harm, hospitalization, suspension and an alternative school. The School Board is vested with the authority and has the expertise to determine what is in the best interests of the students. The Supreme Court has counseled that "[t]he determination of what manner of speech in the classroom . . . is inappropriate properly rests with the school board rather than with the federal courts." *Hazelwood Sch. Dist. v. Kuhlmeier,* 484 U.S. 260, (1988). And the Eleventh Circuit has affirmed that school officials "must have the flexibility to control the tenor and contours of student speech within school walls or on school property, even if such speech does not result in a reasonable fear of immediate disruption." *Bar-Navon v. Brevard Cty. Sch. Bd.,* 290 Fed.Appx. 273, 2008 WL 3822612 (11th Cir. 2008).

        s/Sharon K. Duncan
        FRANCIS H. SHEPPARD, ESQUIRE
        Florida Bar No. 0442290
        SHARON K. DUNCAN, ESQUIRE

Florida Bar No. 0959774
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Email:  FSheppard@rumberger.com
Email:  SDuncan@rumberger.com


Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:  Robert F. Rosenwald, Jr., Esquire, rrosenwald@aclufl.org, Randall C. Marshall, Esquire, rmarshall@aclufl.org, Maria Kayanan, Esquire, mkayanan@aclufl.org and Shelbi D. Day, Esquire, sday@aclufl.org.

s/Sharon K. Duncan
SHARON K. DUNCAN, ESQUIRE
Florida Bar No. 0959774
RUMBERGER, KIRK & CALDWELL
300 South Orange Avenue, Suite 1400
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
Email:  FSheppard@rumberger.com
Email:  SDuncan@rumberger.com


Attorneys for Defendant