UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GAY-STRAIGHT ALLIANCE OF YULEE
HIGH SCHOOL, an unincorporated
association; HANNAH PAGE, through her
parent and next friend SUMMER PAGE; and
JACOB BROCK, through his parent and next
friend SHERYL L. WILLIAMS,

    Plaintiffs,

vs.        CASE NO.: 3:09-cv-112-J-25TEM

SCHOOL BOARD OF NASSAU COUNTY,

    Defendant.
_____/

**DEFENDANT, SCHOOL BOARD OF NASSAU COUNTY'S VERIFIED ANSWERS AND RESTATED OBJECTIONS TO PLAINTIFF, HANNAH PAGE'S FIRST SET OF INTERROGATORIES**

Defendant, School Board of Nassau County, hereby supplements responses to Plaintiff, Hannah Page's First Set of Interrogatories dated September 11, 2009, as follows:

**GENERAL OBJECTION TO PLAINTIFF'S INSTRUCTIONS:**

The School Board of Nassau County objects to the Instructions to Plaintiff, Hannah Page's First Set of Interrogatories to the extent if used they would violate the Fed. R. Civ. P. 33(a)(1) maximum of 25 written interrogatories including discrete subparts or otherwise attempt to impose obligations inconsistent with or greater than those required by the Federal Rules of Civil Procedure.

---

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GAY-STRAIGHT ALLIANCE OF YULEE
HIGH SCHOOL, an unincorporated
association; HANNAH PAGE, through her
parent and next friend SUMMER PAGE; and
JACOB BROCK, through his parent and next
friend SHERYL L. WILLIAMS,

    Plaintiffs,

vs.        CASE NO.: 3:09-cv-112-J-25TEM

SCHOOL BOARD OF NASSAU COUNTY,

    Defendant.
_____/

**DEFENDANT, SCHOOL BOARD OF NASSAU COUNTY'S VERIFIED ANSWERS AND RESTATED OBJECTIONS TO PLAINTIFF, HANNAH PAGE'S FIRST SET OF INTERROGATORIES**

I HEREBY CERTIFY that the original Supplemental Responses to Plaintiff, Hannah Page's First Set of Interrogatories directed to the Defendant, School Board of Nassau County, have been furnished via Federal Express to Robert F. Rosenwald, Jr., Esquire, American Civil Liberties Union Foundation of Florida, 4500 Biscayne Blvd., Suite 340, Miami, FL 33137, and that a copy has been furnished by U.S. Mail to Shelbi D. Day, Esquire, American Civil Liberties Union Foundation of Florida, P. O. Box 18245, Tampa, FL 33679-8245, this 10th day of November, 2009.

_____
FRANCIS H. SHEPPARD, ESQUIRE
Florida Bar No. 0442290
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
Email: fsheppard@rumberger.com
Attorneys for Defendant

**EXHIBIT U**

## INTERROGATORY NO. 1:

Identify each person that Defendant has consulted or plans to consult as an expert in this action (including both testifying experts and nontestifying experts) and for each such person state: (a) the subject matter on which the expert is expected to provide an opinion; (b) the substance of the opinion(s) to be provided; (c) a summary of the grounds and basis for each such opinion; (d) the data or other information considered by the expert in rendering an opinion; (e) the person's education and any professional or work-related experience relevant to his or her opinion(s) in this action; (f) all documents provided to and/or prepared by the expert, including drafts; and (g) compensation, if any, being paid to the expert for his or her services. This interrogatory also includes employees, agents or contractors of Defendant whose duties as an employee regularly involve giving expert testimony.

### RESPONSE:

Subject to and without waiver of the restated objections below, the School Board of Nassau County has not determined to date the identity of any testifying experts.

The School Board of Nassau County objects to this interrogatory to the extent that the information sought regarding non-testifying experts is attorney work product.

## INTERROGATORY NO. 2:

Please identify each faculty member at Yulee Middle School (YMS) including name, e-mail address, home address, home telephone number, and brief job description that includes duties, subjects taught, and, if any, student club/activity/sporting team/organization involvement.

### RESPONSE:

Subject to and without waiver of the restated objections below, produced contemporaneously herewith please see list of faculty and school activities and sponsors for the 2007-2008 school year (Bates numbered NCSB00358 - NCSB00361). In addition, the following is a list of clubs and sponsors active during the 2007-2008 school year at YMS:

- Campus Club:  Sponsor - Robin Lentz

2

- Academic Achievers:  Sponsor - Joyce Woodle
- Fellowship of Christian Athletes: Sponsors - Andy Shepard, Jonathan Ball
- Youth Crime Watch:  Sponsor - Deputy Osborne

The School Board of Nassau County objects to this interrogatory as it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the School Board of Nassau County objects to this interrogatory as it is not specific or limited in time to the 2007 – 2008 school year.

## INTERROGATORY NO. 3:

Fully explain if, and in what way, complaints of anti-gay bias, harassment, discrimination or violence are handled and/or processed at YMS.

### RESPONSE:

Subject to and without waiver of the restated objections below, for the 2007 – 2008 school year, produced contemporaneously herewith please see the Code of Student Conduct Secondary 2007-2008 (Bates numbered NCSB00362 - NCSB00410). Complaints of anti-gay bias, harassment, discrimination, or violence are handled in accordance with the Code of Student Conduct. The Code of Student Conduct has four classes of violations. Depending on the facts and circumstances of the complaint, the appropriate procedures and discipline corresponding with the level of class violation are implemented by YMS. In addition, administrators have the authority under the Code to take additional or more severe administrative actions if the nature of the misconduct warrants it.

3

**EXHIBIT U**

knowledge. Steps to enforce the Code of Student Conduct will be taken in response to any claim of anti-gay harassment at YMS.

The School Board of Nassau County objects to this interrogatory to the extent it presumes there is anti-gay harassment at YMS. This request is also overly broad, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

### INTERROGATORY NO. 6:

Identify each student club or organization, sporting event, social event, student government, and/or fundraising event that gathered or occurred at YMS outside of regularly scheduled class time during the 2007-08 school year, 2008-09 school year, and which are anticipated for the 2009-10 school year.

### RESPONSE:

Subject to and without waiver of the restated objections below, please see answer and documents produced in response to Interrogatory No. 2.

The School Board of Nassau County objects to this interrogatory as it is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the School Board of Nassau County objects to this interrogatory as it is not specific or limited in time to the 2007 – 2008 school year.

### INTERROGATORY NO. 7:

For each of the events or organizations listed above, please describe the process by which each was named.

### RESPONSE:

Subject to and without waiver of the restated objections below, for the 2007 2008 school year, student organizations were named at YMS by giving students or

5

---

The School Board of Nassau County objects to this interrogatory as it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the School Board of Nassau County objects to this interrogatory as it is not specific or limited in time to the 2007 – 2008 school year.

### INTERROGATORY NO. 4:

Please identify any reports or claims of anti-gay bias, harassment, discrimination or violence at YMS in the last five years.

### RESPONSE:

Subject to and without waiver of the restated objections below, the SBNC has no record or knowledge of any reports or claims of anti-gay bias, harassment, discrimination, or violence in the last five years at YMS.

The School Board of Nassau County objects to this interrogatory as it is overly broad, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the School Board of Nassau County objects to this interrogatory as it is not specific or limited in time to the 2007 – 2008 school year.

### INTERROGATORY NO. 5:

Please identify all steps or initiatives being taken by Defendant to address or combat anti-gay harassment at YMS, if any.

### RESPONSE:

Subject to and without waiver of the restated objections below, there have been no reports or claims of anti-gay bias, harassment, discrimination, or violence to our

4

# EXHIBIT U

faculty the opportunity to propose a name for their student organization to the principal. The proposed name was then reviewed for compliance with all School Board of Nassau County policies and procedures before acceptance.

The School Board of Nassau County objects to this interrogatory as it is irrelevant, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the School Board of Nassau County objects to this interrogatory as it is not specific or limited in time to the 2007 – 2008 school year.

### INTERROGATORY NO. 8:

Please fully explain all the circumstances of 1) the request by Plaintiff Page (Page) to form a GSA at YMS (2) the request by plaintiff Page to hold a "Circle of Equality" event at YMS and the ensuing event; and 3) the request of Page to hold a Day of Silence, the events that ensued involving the Day of Silence, and the subsequent halting of the Day of Silence by YMS administrators.

### RESPONSE:

1) Hannah initially hung flyers at school, without obtaining advance authorization, for an after school GSA meeting and upcoming event on school grounds sometime early in the 2007-2008 school year. Hannah was called into Principal Simmons' office to discuss the fact that she would need approval and authorization to distribute information and post posters pursuant to school policy. Hannah was also informed by Principal Simmons that if she would like to form a GSA student group at YMS she would be allowed to form the group as long as she found a faculty sponsor and returned to the Principal's office to discuss in the same way any other student organization was formed. Hannah never returned to the Principal's office to discuss the forming of a GSA student group at YMS.

2) After discussing a possible GSA student group at YMS with the Principal, Hannah then inquired about holding a "Circle of Equality" at YMS. Hannah was informed that her group would be allowed to meet before school, but not in the center courtyard because the group would be blocking traffic. Instead, the group met in the school picnic area before school without incident.

3) YMS administrators became aware Hannah was planning to have a "Day of Silence," but it is not believed that Hannah ever requested permission to hold the event at YMS. On the designated day, Hannah and some other students came to school with duct tape on their mouths. Hannah was told that she could be silent, but that she needed to remove the duct tape from her mouth. Certain other students had worn t-shirts with an inscription to the effect of "God made Adam & Eve, not Adam & Steve." The students were told to remove their t-shirts as well since they were distracting from the educational process and the t-shirts were a violation of the school dress code. Later in the day, Hannah Page was in the cafeteria with her friend, Elizabeth Moses, for Career Day at the school. Hannah's friend was asked by Debbie Little to remove her bandana and/or duct tape from her mouth and Hannah Page became upset and began cursing. Subsequently, Hannah was brought into the guidance counselor's office to discuss the incident. Shortly after being brought to the office it became apparent Hannah was bleeding from her wrists by a self inflicted wound from a razor blade. Hannah was escorted to the clinic for treatment and her parents were notified. Razor blades, marijuana, and over the counter medication were found on Hannah's person. Hannah was Baker Acted following the incident. Subsequently, Hannah was suspended for 10 days for violating the student code

6

7

**EXHIBIT U**

of conduct by having the drugs in her possession on campus and was submitted to alternative school.

**INTERROGATORY NO.9:**

State your understanding of the purposes, activities, goals and subjects of discussion of the GSA proposed by Hannah Page at YMS during the 2007-08 school year.

**RESPONSE:**

Hannah discussed a possible GSA with the Principal, but Hannah never formally requested to form a GSA at YMS. Hannah never complied with the Administration's request for a faculty sponsor and related paperwork regarding forming a GSA student group at YMS. However, based on preliminary information it was understood that Hannah was interested in starting a GSA student group at YMS at some time in the future. It was understood that the GSA's purpose was to be related to advocating gay rights and discussing issues related to sexual orientation.

**INTERROGATORY NO.10:**

Please identify if and how many students were punished in the past 5 years for heterosexual public displays of affection (listed as a violation in the SBNC Student Code of Conduct), as well as what the specific punishment was; and, if and how many students were punished for same-sex public displays of affection as well as what the specific punishment was, at both YMS and YHS.

**RESPONSE:**

Subject to and without waiver of the restated objections below, there have been punishments for heterosexual public displays of affection since 2007. Punishment for these displays of affection have included a warning or detention. YMS does not have any record as to how many punishments have been administered, however, there have not been any punishments for same-sex public displays of affection at YMS since 2007.

8

**EXHIBIT U**

The School Board of Nassau County objects to this interrogatory as it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. The issues related to the YHS have been resolved by agreement of the parties and are irrelevant and immaterial.

**INTERROGATORY NO. 11:**

Please identify and describe all formal and informal communications and any meetings, and the minutes thereof, regarding Hannah Page's request to form a GSA at YMS; to conduct a "Circle of Equality"; and to conduct a "Day of Silence" during the 2007-08 school year.

**RESPONSE:**

Subject to and without waiver of the SBNC's objections, please see answers to Interrogatory No. 8 and No. 9. The only other communications would be attorney client communications, which it is assumed Plaintiff is not requesting. To the extent Plaintiff intentionally seeks to invade the attorney client privilege, the Defendant objects.

The School Board of Nassau County objects to this interrogatory as it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12:**

If you claim that the name 'Gay-Straight Alliance' violates a SBNC policy, please identify and fully explain the precise SBNC policy or policies that are violated.

**RESPONSE:**

This has been resolved by the Court's ruling on the preliminary injunction and is no longer a contested issue in this case.

9

**INTERROGATORY NO. 13:**

Please identify each and every way that the presence of a GSA at YMS might endanger the well-being of YMS faculty or students.

**RESPONSE:**

Subject to and without waiver of the restated objections below, the presence of a GSA student group at YMS would potentially endanger the well-being of YMS faculty or students if the GSA student group failed to obtain a faculty sponsor or in any other way materially or substantially interfered with the educational activities at YMS. Failure to obtain a faculty sponsor would lead to unsupervised students. Additionally, the injection of these issues into the middle school could potentially result in behavior that would disrupt the educational environment as was demonstrated by the conduct of students on the "Day of Silence" where Hannah was Baker Acted. Finally, the presence of a club based upon sexual orientation or attraction in the middle school could potentially expose students to issues and concepts that they are not yet ready to deal with at their age and maturity level.

The School Board of Nassau County objects to this interrogatory to the extent this is an impermissible hypothetical interrogatory.

**INTERROGATORY NO. 14:**

Please fully explain how (if at all) the presence of a GSA at YMS is inconsistent with abstinence-based curriculum and identify all facts relied upon in support of Defendant's contention.

**RESPONSE:**

Subject to and without waiver of the succeeding objections, the GSA student group was not related to the 2007 – 2008 YMS curriculum in any way. Florida law requires curriculum related to Comprehensive Health Education. The Health text book used, produced in Request for Production No. 8, is consistent with that policy. The SBNC does not promote sexual activity by minors in any way, nor does the SBNC encourage or promote sex-based clubs in its middle schools whether they be homo-sexually or hetero-sexually related.

The School Board of Nassau County objects to this interrogatory to the extent this is an impermissible hypothetical interrogatory.

**INTERROGATORY NO. 15:**

In Defendant's Response to Plaintiff's Motion for Preliminary Injunction, the GSA is called a "sex club" or "sex-based club." Define "sex club" and "sex-based club" and explain the basis for Defendant's assertion that a GSA is such a club.

**RESPONSE:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of objection, Defendant's Response to Plaintiff's Motion for Preliminary Injunction is not related in any way to YMS. GSA is a club based on sexual attraction or sexual orientation and thus by necessity is related to sex.

**INTERROGATORY NO. 16:**

Please identify any facts that Defendant uses to support the assertion that the presence of a GSA at YMS would materially and substantially interfere with the orderly conduct of educational activities at YMS.

**RESPONSE:**

The presence of a GSA student group at YMS would not be allowed if it failed to obtain a school faculty sponsor pursuant to SBNC Administrative Rule 5.86 or in any other way materially or substantially interfered with the educational activities at YMS. A club relating to sexual attraction and/or sexual orientation in a middle school could

10

11

**EXHIBIT U**

potentially result in behavior that would disrupt the educational environment as was demonstrated by the conduct of students on the "Day of Silence" where Hannah was Baker Acted. In addition, a club related to sexual attraction and/or sexual orientation would potentially be in direct conflict with the State of Florida's and SBNC's abstinence policy of not encouraging or promoting sex whether that be homo-sexual or hetero-sexual sex. Finally, the presence of a club based upon sexual attraction and/or sexual orientation in the middle school could potentially expose students to issues and concepts that they are not yet ready to deal with at their age and maturity level.

**INTERROGATORY NO. 17:**

Please describe all formal and informal communications regarding the adoption of the amendments to Administrative Rule 5.86 as well as any meetings regarding the adoption of these amendments and subject matter and minutes from these meetings.

**RESPONSE:**

Dr. Ruis consulted with staff members about drafting a proposal to amend Rule 5.86. The proposal was then submitted to the Board for review and was subsequently adopted according to SBNC Administrative Rule 1.10 procedures.

Please see:

- SBNC Administrative Rule 1.10, which outlines the procedures and policies for the amendments to rules (Bates numbered NCSB00411 - NCSB00413);

- October 23, 2008 Addendum to the Agenda and Minutes from the October 23, 2008 Meeting regarding approval to advertise revisions to Administrative Rule 5.86 (Bates numbered NCSB00414 - NCSB00420);

**EXHIBIT U**

12

- November 18, 2008 Agenda and Meeting Minutes from the adoption of Administrative Rule 5.86 (Bates numbered NCSB00421 - NCSB00431);

- The approved Amendment of SBNC Administrative Rule 5.86 (Bates numbered NCSB00432 - NCSB00434); and

- E-mail correspondence from Superintendant John Ruis dated November 26, 2008, January 8, 2009, and March 12, 2009 (Bates numbered NCSB00435 - NCSB00436).

**INTERROGATORY NO. 18:**

Please describe all benefits enjoyed by recognized student groups at YMS.

**RESPONSE:**

Student groups are provided an opportunity to find a sponsor and a room for their organization to meet.

**INTERROGATORY NO. 19:**

Please state the name and e-mail address of the person responsible for document and e-mail retention for SBNC.

**RESPONSE:**

John Wilson is responsible for document and e-mail retention at SBNC. His email address is: john.wilson@nassau.k12.fl.us. The SBNC objects to any attempt by Plaintiff's counsel to contact Mr. Wilson directly by e-mail or otherwise.

**INTERROGATORY NO. 20:**

Please state all policies and procedures for how e-mail and documents are retained at YHS and for SBNC including the format, length of retention, location and cross-referencing capability.

13

**RESPONSE:**

Subject to and without waiver of the restated objections below, currently the SBNC retains e-mails from December 3, 2007 to present. With the purchase of a new server on December 3, 2007, the current capability of SBNC's e-mail retention is 10 years. The emails are located at the SBNC's district office. The SBNC has cross-referencing capability with respect to date, subject, user, word, or phrase but only has the capability of searching by individual user. The SBNC follows the applicable Florida Statutes and regulations regarding document retention.

The School Board of Nassau County objects to this interrogatory to the extent it references YHS as it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO.21:**

Please state all requirements for eligibility in extracurricular activities at YHS and YMS and the specific authority for each requirement.

**RESPONSE:**

Subject to and without waiver of the restated objections below, please see SBNC Administrative Rule 5.86 applicable to the 2007-2008 school year produced in response to Request for Production No. 16.

The School Board of Nassau County objects to this interrogatory to the extent it references YHS as it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 22:**

Please state all requirement, prerequisites, and/or procedures necessary to secure permission to start an extracurricular student organization at YMS and the specific authority for each requirement.

**RESPONSE:**

Please see SBNC Administrative Rule 5.86 applicable to the 2007-2008 school year produced in response to Request for Production No. 16.

**INTERROGATORY NO.23:**

Please state whether a GSA with the same mission, constitution, and bylaws as the current YHS GSA would be granted permission to meet at YMS, and if not, each and every reason for the denial. If the club would be allowed to meet with restrictions please describe each and every restriction that would be imposed.

**RESPONSE:**

The School Board of Nassau County objects to this interrogatory as it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the School Board of Nassau County objects to the extent this is an impermissible hypothetical interrogatory. Without waiving these objections, please see SNBC Rule 5.86.

**INTERROGATORY NO. 24:**

Please state each and every fact regarding Hannah Page's personal emotional, psychological, criminal, an/or disciplinary history that Defendant intends to introduce at trial and identify the relevance of each admission.

**RESPONSE:**

The School Board of Nassau County has not determined to date what facts regarding Hannah's personal emotional, psychological, criminal, and/or disciplinary history that it intends to introduce at trial.

14

15

# EXHIBIT U

**VERIFICATION**

SCHOOL BOARD OF NASSAU COUNTY

By: _____
John Ruis
Authorized Agent

STATE OF Florida
COUNTY OF Nassau

John Ruis says that he is authorized by the School Board of Nassau County under applicable law and rules to verify and does verify these Responses to First Set of Interrogatories on behalf of the School Board of Nassau County.

SWORN TO AND SUBSCRIBED before me this 6 day of November, 2009.

_____
SIGNATURE OF NOTARY
STATE OF FLORIDA
Robin Jones
Commission #DD623294
Expires: JULY 27, 2011
BONDED THRU ATLANTIC BONDING CO., INC

PRINT, TYPE OR STAMP NAME OF NOTARY
   ✓   Personally Known
       OR Produced Identification
_____
Type of Identification Produced

17

**INTERROGATORY NO. 25:**

Please identify and provide the title for the person answering each interrogatory.

**RESPONSE:**

Superintendent, Dr. John Ruis, with the assistance of counsel, and Yulee Middle School staff.

16

1563603

# EXHIBIT U